IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| VISION MANAGEMENT GROUP, LLC, et al., | ) ) ) | CASE NO. 1:25CV00052-PAB |
| Plaintiffs, | ) ) ) | JUDGE PAMELA A. BARKER |
| v. | ) ) ) | MAGISTRATE JUDGE REUBEN J. SHEPERD |
| CONSTANT AVIATION, LLC, | ) ) ) | |
| Defendant. | ) | |

**PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS COMPLAINT**

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendant, Constant Aviation, LLC, has moved to dismiss Plaintiffs' Complaint, asserting that it fails to state a claim upon which relief can be granted. However, as set forth in Plaintiffs' Memorandum in Opposition, the Complaint sufficiently alleges viable claims supported by well-pleaded facts and applicable law. A Memorandum in Support of Plaintiffs' position is attached hereto and incorporated herein.

Respectfully submitted,

*/s/ Brittainy Joyner*
Brittainy Joyner *(Admitted Pro Hac Vice)*
Email: bjoyner@spencerfane.com
SPENCER FANE, LLP
201 North Franklin St., Suite 2150
Tampa, Florida 33602
Phone: 813.424.3500 / Fax: 813.405.8904

*Attorneys for Plaintiffs Vision Management Group, LLC, MakGab Holdings, LLC, and Anthony Fiorillo*

i

**MEMORANDUM IN SUPPORT**

Plaintiffs, Vision Management Group, LLC, MakGab Holdings, LLC, and Anthony Fiorillo (collectively, "Plaintiffs"), by and through undersigned counsel, respectfully submit this Memorandum in Opposition to Defendant, Constant Aviation, LLC's ("Defendant" or "Constant Aviation"), Motion to Dismiss ("Motion") pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the reasons set forth below, Defendant's Motion should be denied in its entirety.

**I.     INTRODUCTION**

Defendant's Motion to Dismiss is predicated on a mischaracterization of the allegations in the Complaint and an erroneous interpretation of the applicable legal standards. Plaintiffs have sufficiently pled claims for negligence, breach of contract, and unjust enrichment, providing ample factual support to satisfy federal pleading standards. Defendant's attempts to dismiss the Complaint ignore clear contractual obligations, legal duties, and the significant damages incurred by Plaintiffs as a direct result of Defendant's actions and omissions. Accordingly, Defendants' Motion must be denied.

**II.    LEGAL STANDARD**

Under Rule 12(b)(6), a complaint survives dismissal if it contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible if the pleaded facts allow the court to reasonably infer that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In deciding a Rule 12(b)(6) motion, the Court must accept all well-pleaded factual allegations as true and draw all reasonable inferences in Plaintiffs' favor. *Id.*

**III. ARGUMENT**

    **A. Plaintiffs Have Complied with Federal Pleading Standards**

Defendant asserts that Plaintiffs have failed to comply with the pleading requirements of Civil Rule 8. However, Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Plaintiffs' Complaint provides sufficient factual matter to state plausible claims for relief, thereby satisfying Rule 8's requirements. *See Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (holding that specific details are not required so long as the complaint provides notice of the claim).

Further, the Complaint clearly lays out the factual basis for each claim, identifying the specific actions of Defendant that constitute breaches of contract, negligence, and unjust enrichment. Specifically, Plaintiffs allege that Defendant failed to properly inspect and repair the at-issue aircraft, despite contractual and industry obligations to do so. (Complaint, ¶¶ 10-14, 18-20). Plaintiffs also allege that they conferred substantial payments upon Defendant for these services, which were negligently and improperly performed. (Complaint, ¶¶ 9, 12, 18-20). These allegations provide sufficient detail to satisfy Rule 8's notice requirements and allow Defendant to respond accordingly.

Moreover, courts within the Sixth Circuit have emphasized that a complaint need not set forth every evidentiary detail but must only provide sufficient factual content to raise a plausible right to relief. *See Keys v. Humana, Inc.*, 684 F.3d 605, 609-10 (6th Cir. 2012) (holding that Rule 8 does not require detailed factual allegations but rather a showing that the claim is plausible on its face). Here, the Complaint meets this standard by alleging specific instances of misconduct by Defendant, the harm suffered by Plaintiffs, and the legal theories under which relief is sought. (See, generally, *Complaint*, ECF No. 1.) Because Plaintiffs have adequately alleged their claims, Defendant's arguments regarding Rule 8 must fail.

### B. Plaintiffs' Negligence and Gross Negligence Claims Are Legally Sufficient

#### 1. *Plaintiffs' Negligence Claim Is Distinct from Their Breach of Contract Claim*

In its Motion, Defendant contends that Plaintiffs' negligence claim is merely a repackaged breach of contract claim. Yet Ohio law recognizes that a tort claim can exist independently of a breach of contract claim when the defendant breaches a duty owed separately from the contract. *See Textron Fin. Corp. v. Nationwide Mut. Ins. Co.*, 115 Ohio App. 3d 137, 151 (Ohio Ct. App. 1996). Here, Defendant owed a duty of care in performing aircraft inspections and repairs, independent of its contractual obligations. *See Onyx Enters. Int'l Corp. v. Sloan*, 843 F. App'x 859, 867 (6th Cir. 2021) (holding that a duty in tort may arise separately from contractual obligations where professional services are involved).

Furthermore, Plaintiffs explicitly allege that – contrary to industry protocol and standard – Defendant performed improper inspections and failed to detect significant corrosion, leading to financial harm. (Complaint, ECF No. 1, ¶¶ 10-14, 18-20.) These allegations establish that Defendant's failures extended beyond mere breaches of contract and into the realm of professional negligence. See *Life Time Fitness, Inc. v. Chagrin Valley Eng'g, Ltd.*, 2014 WL 6879082, at 5 (N.D. Ohio Dec. 4, 2014) (holding that professional service providers may be liable in negligence where they fail to meet industry standards and exercise good professional skill and judgment in their work).

Additionally, Plaintiffs properly assert that Defendant misrepresented its ability to properly inspect and repair the aircraft, further supporting a claim for negligence. (Complaint, ECF No. 1, ¶¶ 9, 12). Courts have held that negligent misrepresentation claims may exist alongside breach of contract claims where the misrepresentation induced reliance outside the contract. *See Delman v. Cleveland Heights*, 41 Ohio St. 3d 1, 4 (1989). Accordingly, Defendant's argument that Plaintiffs' negligence claim is merely duplicative of the contract claim lacks merit.

### 2. *Defendant Owed a Non-Contractual Duty to Plaintiffs*

Defendant further argues that it owed no non-contractual duty to Plaintiffs and, thus, such negligence-based claims fail. This assertion is baseless, as professionals providing specialized services, such as aviation maintenance, are required to exercise reasonable care in their work. See *Cromer v. Children's Hosp. Med. Ctr. of Akron*, 142 Ohio St.3d 257 (2015).

The Complaint alleges that Defendant failed to detect or remedy significant corrosion on critical aircraft components, breaching its duty of care. (Complaint, ECF No. 1, ¶¶ 10-12.) *See also Haddon View Inv. Co. v. Coopers & Lybrand*, 70 Ohio St.2d 154, 157 (1982) (holding that an professionals can be liable to third parties for negligence when their reliance is specifically foreseen, even in the absence of contractual privity). Plaintiffs further allege that Defendant's failures violated industry standards, as well as FAA regulations governing aviation maintenance, reinforcing the existence of an independent duty of care. (Complaint, ¶¶ 10-14, 18-20). These allegations establish that Defendant's failures extended beyond mere breaches of contract and into the realm of professional negligence. See *Id.* Accordingly, Plaintiffs' negligence claims withstand Rule 12(b)(6) scrutiny.

### 3. *The Economic Loss Doctrine Does Not Bar Plaintiffs' Negligence Claims*

Defendant also asserts that the economic loss doctrine bars Plaintiffs' negligence claims. But exceptions exist, particularly in cases involving professional negligence. *See Corporex Dev. & Constr. Mgmt., Inc. v. Shook, Inc.*, 106 Ohio St. 3d 412, 2005-Ohio-5409. As discussed above, Plaintiffs allege that Defendant breached professional duties that exist independently of the contract, including adherence to FAA regulations and industry maintenance standards. (Complaint, ECF No. 1, ¶¶ 12-14, 18-20). Given these facts, Defendant's reliance on the economic loss doctrine is misplaced.

Furthermore, Plaintiffs have alleged damage to their property interests in addition to economic harm, which also precludes application of the economic loss doctrine. (Complaint, ECF

4

No. 1, ¶¶ 18-20); *see also Chemtrol Adhesives, Inc. v. Am. Mfrs. Mut. Ins. Co.,* 42 Ohio St. 3d 40, 44 (1989) (holding that the economic loss doctrine does not apply where physical damage to property is alleged). Given these facts, Defendant's reliance on the economic loss doctrine is misplaced, and Plaintiffs' negligence claims should proceed.

    **C.**    **Plaintiffs' Breach of Contract Claim is Sufficiently Pled**

        **1.**    *Defendant's Breach of Express Contractual Obligations*

Defendant's argument that none of the Plaintiffs can allege a contractual breach lacks merit. The Inspection Contract (*Complaint, Exhibit A*, ECF No. 1-1) explicitly sets forth the terms under which Defendant agreed to perform services. (Complaint, ECF No. 1, ¶ 7.) The Complaint alleges that Defendant failed to uphold its express warranty that its work would be free from defects and adhere to industry standards. (*Id.* at ¶ 8.) Furthermore, the Contract's warranty provisions do not absolve Defendant of liability where it failed to properly perform its obligations in the first instance. The delay in notifying Defendant of the claim does not bar recovery where the defect at issue was latent and not immediately discoverable. (*Id.* at ¶¶ 11, 14.)

The Sixth Circuit has ruled that a plaintiff may proceed with a breach of contract claim where the defendant failed to comply with express terms of the agreement, even if a limitation clause exists. See *Standard Alliance Indus., Inc. v. Black Clawson Co.*, 587 F.2d 813, 816-17 (6th Cir. 1978) (holding that a contractual limitation of liability may not apply where the defendant's failure to perform renders the contract's exclusive remedy ineffective). The presence of a warranty clause does not insulate a defendant from liability where it failed to perform its contractual duties properly.

Additionally, the Northern District of Ohio has recognized that a party's failure to perform as promised within a contract may render limitations of liability unenforceable. See *Nahra v. Honeywell, Inc.*, 892 F. Supp. 962, 970 (N.D. Ohio 1995) (holding that limitation of liability

5

clauses are unenforceable where a party fails to exercise reasonable care in fulfilling its contractual obligations). Given these principles, Plaintiffs' allegations that Defendant failed to conduct proper inspections and adhere to warranty obligations provide a sufficient basis for this claim to proceed.

### 2. *MakGab and Fiorillo Have Standing to Pursue Their Breach of Contract Claims*

In its Motion to Dismiss Defendant asserts that Plaintiffs MakGab and Fiorillo lack standing because they are not signatories to the contract. However, as explained below, Ohio law recognizes that non-signatories may enforce contract terms where they are intended third-party beneficiaries or have suffered direct harm.

Plaintiffs have sufficiently alleged that MakGab and Fiorillo were intended beneficiaries and incurred financial losses due to Defendant's breach. (Complaint, ECF No. 1, ¶¶ 12-14.) Courts in Ohio recognize that a third-party beneficiary may enforce contract terms where the contracting parties intended to benefit that third party. See *Norfolk & W. Co. v. United States*, 641 F.2d 1201, 1208 (6th Cir. 1980) (applying Ohio law and confirming that if a promisee intended to benefit a third party, that party is an "intended beneficiary" with enforceable contractual rights).

Here, Exhibit A to the Complaint details the contractual obligations undertaken by Defendant, which directly impacted MakGab and Fiorillo. (Exhibit A, ECF No. 1-1, ¶¶ 2-4). Under Ohio law, intended third-party beneficiaries can enforce a contract, and courts analyze whether the contract was "directly or primarily" for their benefit. See *ThorWorks Indus. v. E.I. DuPont De Nemours & Co.*, 606 F. Supp. 2d 691, 696 (N.D. Ohio 2008) (holding that "[t]he parties who entered the contract must have entered into it directly or primarily for the benefit of the third party for that third party to be able to assert rights under the contract.").

Because these Plaintiffs suffered direct harm and were the primary beneficiaries of the contract, they have standing to assert their breach of contract claims. Indeed, federal courts have held that whether a contract was "directly or primarily" for a third party's benefit is a factual

question that requires further discovery and is not a basis for dismissal at this stage. See *Cook v. Ohio Nat'l Life Ins. Co.*, 960 F.3d 856, 862 (6th Cir. 2020) (noting that intended beneficiaries have standing to enforce a contract, which is a fact-intensive inquiry); *Bozzio v. EMI Grp. Ltd.*, 811 F.3d 1144, 1151 (9th Cir. 2016) ("Whether [the plaintiff] forfeited the ability to sue as a third-party beneficiary is a fact-bound inquiry ill-suited to resolution at the motion to dismiss stage."); *Red Badge Invest Ltd. v. Am. Well Corp.*, 960 F.3d 856, 2025 WL 524029, at *7 (D. Mass. Feb. 18, 2025) ("The motion to dismiss will be denied because the complaint plausibly alleges that [the plaintiff] was a third-party beneficiary of the agreement."). Therefore, MakGab and Fiorillo have standing to pursue their claims.

### 3. *Vision Management Has Properly Alleged Damages*

Defendant claims that Vision Management did not incur damages. This is baseless as Plaintiffs have specifically alleged financial harm, including repair costs, operational delays, and diminished aircraft value. (Complaint, ECF No. 1, ¶¶ 12-14.) A breach of contract claim only requires an allegation of financial harm, not a precise damage calculation. See *Garofalo v. Chicago Title Ins. Co.*, 104 Ohio App. 3d 95, 108 (Ohio Ct. App. 1995).

Defendant's reliance on *Shepard & Assocs. v. Lokring Tech.*, 2023 U.S. Dist. LEXIS 145820 (N.D. Ohio Aug. 18, 2023), is misplaced. Unlike in *Shepard*, where the plaintiff failed to allege any actual harm, here, Vision Management explicitly asserts that it suffered damages arising from additional repair costs, operational delays, and a reduction in the aircraft's value due to Defendant's improper inspections. (See Complaint, ECF No. 1, ¶¶ 12-14.) Courts have long held that consequential damages arising from a breach of contract, such as those alleged by Plaintiffs, are sufficient to withstand a motion to dismiss. See *Andersons, Inc. v. Horton Farms, Inc.*, 166 F.3d 308, 328 (6th Cir. 1998) (holding that damages arising from a failure to perform contractual obligations are recoverable when they are a direct and foreseeable result of the breach).

### 4. *Plaintiffs Complied with All Conditions Precedent or Were Excused from Compliance*

Defendant argues that Plaintiffs' claims should be dismissed for failing to satisfy a condition precedent requiring notice and an opportunity for repair. Under Ohio law, however, compliance with a condition precedent is excused when the breaching party's actions render further performance futile. See *Livi Steel, Inc. v. Bank One, Youngstown, N.A.*, 65 Ohio App.3d 581, 584, 584 N.E.2d 1267 (1989) (holding that a party's repudiation or total breach excuses the other party from performing conditions precedent, including providing notice, because performance would be futile).

Here, Plaintiffs allege that they notified Defendant of the defects, but Defendant failed to take corrective action. (Complaint, ECF No. 1, ¶¶ 18-19.) Courts have held that a condition precedent does not require an act that would be futile. See *Clarke v. Hartley*, **7** Ohio App.3d 147, 149, 454 N.E.2d 1322 (1982) (holding that whether a party made reasonable efforts to satisfy a condition precedent is a question for the trier of fact and that performance is not required where efforts would be futile).

Moreover, the contractual provision requiring Defendant be given an opportunity to inspect and repair does not absolve Defendant of liability where its breach was material and prior to any required notice. See *Tatonka Educ. Services, Inc. PBC v. Youngstown Preparatory Acad.*, No. 4:23-CV-0091, 2023 WL 4085366, at 3 (N.D. Ohio June 20, 2023) (holding that "a non-breaching party to a contract is excused from complying with conditions of the contract when the party for whose benefit the condition operates has already materially breached the contract"). As Plaintiffs have properly alleged damages and fulfilled or were excused from any conditions precedent, their breach of contract claim is sufficiently pled and should proceed.

## IV. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that this Court deny Defendant's Motion to Dismiss in its entirety. Alternatively, should the Court find any portion of the Complaint deficient, Plaintiffs request leave to amend to cure any perceived deficiencies.

    Respectfully submitted,

*/s/ Brittainy Joyner*
Brittainy Joyner *(Admitted Pro Hac Vice)*
Email: bjoyner@spencerfane.com
SPENCER FANE, LLP
201 North Franklin St., Suite 2150
Tampa, Florida 33602
Phone: 813.424.3500 / Fax: 813.405.8904

*Attorneys for Plaintiffs Vision Management Group, LLC, MakGab Holdings, LLC, and Anthony Fiorillo*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 13th day of March, 2025, a copy of the foregoing document was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

>	*/s/ Brittainy Joyner*
>	Attorney for Plaintiffs